# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
July 15, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CLARENCE HARLESS,**
**Claimant Below, Petitioner**

**vs.)    No. 11-1036**  (BOR Appeal No. 2045495)
                              (Claim No. 990037566)

**EASTERN ASSOCIATED COAL CORPORATION, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Clarence Harless, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. Eastern Associated Coal Corp., LLC, by Robert J. Busse,[1] its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 13, 2011, in which the Board affirmed a December 23, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 21, 2010, denial of Mr. Harless's requested authorization for Gabitril 4 milligrams, Skelaxin 800 milligrams, Cymbalta 60 milligrams, Cymbalta 30 milligrams, and pain pump refills. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Harless was injured on October 12, 1998, in the employment of Eastern Associated Coal Corporation, LLC, while lifting oil cans. He was diagnosed with a sprain of his shoulder, arm, and neck, which were found compensable by the claims administrator on December 7, 1998. Despite frequent medical reports questioning the causal relationship between Mr. Harless's

---

[1] Robert C. Busse of Jackson Kelly, PLLC withdrew as counsel for employer, Eastern Associated Coal Corporation, LLC on April 18, 2012, after submitting its Response Brief. At the time of this decision the Respondent is represented by Henry C. Bowen of Pullin, Fowler, Flanagan, Brown & Poe, PLLC.

compensable injury and his continuing symptoms, he continued to receive treatments based on this claim for over a decade, including spinal fusion surgery in 1999 and implantation of a morphine pump in 2002. On March 19, 2003, Mr. Harless received a 4% permanent partial disability award. This decision was modified on March 26, 2004, by the Office of Judges, who added cervical intervertebral disc as a compensable condition of Mr. Harless's injury. The Office of Judges also increased Mr. Harless's permanent partial disability award to 15%. Finally on January 28, 2010, Dr. Caraway requested authorization of Gabitril, Skelaxin, and Cymbalta to treat claimant's continuing pain. The claims administrator denied Mr. Harless's request for medication on April 16, 2010, based on the evaluation of an independent medical examiner, Dr. Ranavaya, who attributed Mr. Harless's condition to rheumatoid arthritis unrelated to his compensable injury. The claims administrator's decision was upheld in a May 21, 2010, Grievance Review by Dr. Chenault, who agreed with Dr. Ranavaya's assessment, leading to this appeal.

Under West Virginia Code § 23-4-3(a)(1) (2005), the claims administrator must provide medical treatment and services which are reasonably related to the claimant's compensable injury. In this case, the Office of Judges found that the requested medications were not reasonably related to Mr. Harless's compensable injury. The Office of Judges determined that Mr. Harless's continuing pain was more likely attributable to non-compensable rheumatoid arthritis. The Office of Judges based its finding on the reports of both Dr. Ranavaya and Dr. Chenault. The Office of Judges found that Mr. Harless did not present any medical evidence which causally related his need for the requested medications to his compensable injury.

The Board of Review adopted the findings of the Office of Judges and affirmed its Order on June 13, 2011. We agree with the Board of Review's Order. Mr. Harless did not meet his burden in proving that the requested medications were reasonably related to his compensable injury. All the medical evidence presented in this case weighs in favor of finding that Mr. Harless's need for the requested medication is related primarily to his rheumatoid arthritis, which is not a compensable component of his claim.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  July 15, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum